**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| First Financial Bank, | ) | No. 12-CV-1380-PHX-PGR |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Kasson & Company, LLC, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion to Dismiss. (Doc. 29.) Plaintiff seeks to dismiss the matter with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

On July 12, 2006, Irwin Union Bank ("IUB") and Defendant Kasson & Company, LLC, executed a Promissory Note in the amount of $4,048,000.00. Defendant John M. Kasson Jr. executed the Promissory Note on behalf of Kasson & Company. Kasson, individually and as co-trustee of Defendant John M. Kasson Jr. 1995 Living Trust , executed a Guaranty of the Promissory Note. Kasson & Company defaulted on the Promissory Note when the Note matured on July 12, 2008.

On September 18, 2009, IUB was declared insolvent by the FDIC and became subject to an FDIC receivership. Plaintiff acquired the Promissory Note from the FDIC.

On June 27, 2012, Plaintiff filed a complaint alleging breach of contract. (Doc. 1.) Defendants filed a Motion for Summary Judgment on February 7, 2013, asserting, among

other arguments, that Plaintiff's claim in untimely and barred by Arizona's statute of repose, A.R.S. § 33-814. (Doc. 21.)

Plaintiff did not file a response to the summary judgment motion. Instead, on February 13, 2013, Plaintiff offered to dismiss this matter with prejudice. (Doc. 29, Ex. 1.) Defendants refused unless Plaintiff agreed to pay their attorneys' fees and costs. (*Id.*) Plaintiff refused. (*Id.*) Plaintiff subsequently offered a stipulation allowing each party to file a petition for attorneys' fees. (*Id.*, Ex. 2.) Defendants did not reply, and on April 4, 2013, Plaintiff filed the pending Motion to Dismiss. (Doc. 29.)

In response, Defendants request that the Court grant their Motion for Summary Judgment and award them reasonable attorneys's fees and costs under A.R.S. § 12-341.01.[1] (Doc. 30.) Defendants argue in the alternative that if the Court grants Plaintiff's Motion to Dismiss, they should be granted attorneys' fees as the successful party. (*Id.*)

Plaintiff replies that the issue of attorneys' fees is not properly before the Court. (Doc. 33.) The Court agrees. To the extent that either party wishes to pursue an award of attorneys' fees and costs, the Court will consider whether such an award is appropriate upon filing of a motion in compliance with LRCiv. 54.2.

Accordingly,

IT IS HEREBY ORDERED granting Plaintiff's Motion to Dismiss (Doc. 29). This case is dismissed in its entirety with prejudice.

IT IS FURTHER ORDERED that any motion for attorneys' fees shall be filed no later than May 28, 2013.

IT IS FURTHER ORDERED denying Defendants' Motion for Summary Judgment (Doc. 21).

---

[1] Section 12-341.01 provides for a discretionary award of attorney's fees to the prevailing party in an action arising out of contract.

1    IT IS FURTHER ORDERED denying as moot Plaintiffs' Motion for Service by

2  Publication (Doc. 13) and Motion for Entry of Default (Doc. 15).

3    DATED this 14th day of May, 2013.

4

5

6  Paul G. Rosenblatt
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28